# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
## AT KNOXVILLE
### DECEMBER SESSION, 1998

FILED

February 11, 1999

Cecil Crowson, Jr.
Appellate Court Clerk

| | | |
|---|---|---|
| **STATE OF TENNESSEE,** | ) | |
| | ) | No. 03C01-9803-CC-00090 |
| Appellee | ) | |
| | ) | **JEFFERSON COUNTY** |
| vs. | ) | |
| | ) | Hon. Richard R. Vance, Judge |
| **JOHNNA GRAVES,** | ) | |
| | ) | **(Misdemeanor Vandalism, two counts;** |
| Appellant | ) | **Felony Vandalism, one count)** |

For the Appellant:

**Robert W. Scott**
Asst. Public Defender
P. O. Box 416
Dandridge, TN  37725


**Edward Cantrell Miller**
District Public Defender

For the Appellee:

**John Knox Walkup**
Attorney General and Reporter

**Elizabeth B. Marney**
Assistant Attorney General
Criminal Justice Division
425 Fifth Avenue North
2d Floor, Cordell Hull Building
Nashville, TN 37243-0493


**Alfred C. Schmutzer, Jr.**
District Attorney General

**James L.  Gass**
Asst. District Attorney General
Sevier County Courthouse
Suite 301
Sevierville, TN  37862


OPINION FILED: _____

AFFIRMED


**David G. Hayes**
Judge

## OPINION

The appellant, Johnna Graves, pled guilty in the Jefferson County Criminal Court to two counts of class A misdemeanor vandalism and one count of class E felony vandalism.[1]  The trial court granted judicial diversion, Tenn Code Ann. 40-35-313, as to the felony charge[2] and, with respect to the two misdemeanor convictions, imposed a sentence of eleven months and twenty nine days, suspended to thirty days with the balance to be served on supervised probation.[3]  These sentences are to be served concurrently.   The appellant now appeals the sentencing decision of the trial court in imposing incarceration.

After review of the record, we affirm.

## Background

On June 15, 1997, the appellant, twenty years old, and two male friends, one nineteen and the other seventeen, attended a party in Jefferson County.  At some point during the evening, the two males asked the appellant to drive them to Wal-Mart to purchase paint.[4]  She proceeded to drive the two young men to Wal-Mart.

---

[1]On September 15, 1997, a Jefferson County Grand Jury returned a three count indictment charging the appellant with the misdemeanor vandalism of property belonging to James Town Management, felony vandalism of a trailer belonging to McSpadden Construction, and misdemeanor vandalism of Oak Hills Baptist Church.  An issue arose as to whether the dollar amount of the damage inflicted upon property owned by McSpadden Construction exceeded $500; the factor determining whether the offense would be classified a class E felony or a class A misdemeanor. See  Tenn. Code Ann. § 39-14-408(c)(1) (1997); Tenn. Code Ann. § 39-14-105(1) and (2) (1997).  After an evidentiary hearing on this issue, the trial court found that count two of the indictment, the vandalism to the property of McSpadden Construction, exceeded $500 and was, thus, a felony.

[2]Specifically, the trial court sentenced the appellant to eighteen months,  deferred for a period of two years.

[3]As a condition of her probated sentence, the trial court ordered that the appellant perform one hundred and fifty hours of community service.

[4]Apparently, the two co-defendants were too intoxicated to drive and asked the sober appellant to be chauffeur to their planned escapades.

She then drove the two males around Jefferson City while they literally proceeded to "paint the town" with spray paint and graffiti.[5]  Specifically, the two men spray painted the wall of a pizza restaurant, a trailer belonging to a construction site, and the floor of a church picnic area with obscenities and satanic and gang related epithets.  The appellant did not get out of the vehicle and did not personally spray paint anything.

Soon after their arrest on the vandalism charges, the threesome offered to repair the properties that were vandalized.  Two of the properties were cleaned by the appellant and her co-defendants and the three defendants made a public apology in the local newspaper.

At the subsequent sentencing hearing, the proof indicated that the appellant is a twenty year old high school graduate with a cosmetology license and plans to attend college to study to become an elementary school teacher.  Proof was also introduced which revealed that, while on bond on the present charges, the appellant received as disposition ninety days pretrial diversion on prior bad check charges. The appellant also admitted to four previous speeding tickets and one prior violation for driving without a driver's license.  The presentence report, attached to the record, indicates a rather poor employment history and the fact that the appellant admits to smoking marijuana at least once a week.

In imposing sentence, the trial court found:

I would find that because of the multiple offenses that occurred on this evening, it wasn't just one place, it was several; you have three charges that you've been found guilty of, three separate locations where damage was done, I've seen evidence of other criminal conduct that happened that night for which you weren't charged, other places were painted; and to avoid depreciating the seriousness of those offenses, and you have had some involvements with the law, I would find that it would be appropriate to deny deferring the Judgment in

[5]Photographs introduced at both the guilty plea hearing and the sentencing hearing revealed that the graffiti consisted of "CBC", "666," "Vice Lords," and various obscenities.

3

each of these three cases, and would make that finding under the law that the Court would deny deferral.

Having made that finding though, I'm going to contradict myself. I am going to defer the Felony count. I'm making that finding because in not deferring the two Misdemeanors, the same principles of law apply to the Misdemeanors as to the Felony, as to whether you would be entitled to judicial deferral. And having found that you're not entitled to it I'm making that finding stand with respect to the two Misdemeanors. Those are going on your record. These are going to count, so that some other Judge in the future doesn't have the same thing I'm faced with, that my gosh, you've committed an awful lot of criminal offenses but none of them count. Well, now, you're going to have two that count. Okay. So no one misunderstands why I'm doing it.

But I am finding that under the law I could make the Felony count, too, but out of consideration for your age and all the things you've told me, I'm going to allow that one to be deferred for a period of two years to give you an opportunity to do what you told me you want to do and what you're certainly capable of doing; that is, to further your education, get this court thing behind you. But it'll be hanging over your head for that period of two years.

There are aggravating circumstances that do apply in your case. There was evidence of other criminal conduct. There's a multiplicity of these offenses which were not charged which would justify rasing the penalty above the minimum.

In mitigation you neither caused nor threatened bodily injury and you did make a public apology and assisted in some clean up efforts. And I find the Enhancing factors outweigh the mitigating . . . .
. . .

I'm sorry you're here and I know you're sorry you're here and your family's sorry you're here. But what you all did while it seemed maybe at the time and to some to be funny and to be piddly and just a little spray painting, you caused a lot of damage, you've committed numerous criminal offenses. . . .

But the reason you're going to jail is because of your own personal conduct. Not anything that I've done or these officers, Chief Clark or the prosecutor. It's your own personal conduct and it's time today to face the responsibility for that conduct.

**Analysis**

Again, the appellant alleges that the trial court improperly imposed

sentences involving incarceration for a period of thirty days. Specifically, the

appellant uses the trial court's grant of leniency regarding the felony conviction, as a

4

means to attack the court's imposition of thirty day sentences for the misdemeanor convictions. In addressing the appellant's challenge, we are mindful that our *de novo* review is conditioned with the presumption that the sentencing determination of the trial court is correct. See Tenn. Code Ann. § 40-35-401(d) (1997). Moreover, the appellant bears the burden of establishing the sentence imposed by the trial court is improper. Sentencing Commission Comments, Tenn. Code Ann. § 40-35-401(d).

In the present case, the appellant was convicted of two class A misdemeanors. The penalty for a Class A misdemeanor is a term of imprisonment "not greater than eleven months, twenty nine days." See Tenn. Code Ann. § 40-35-111(e)(1). In sentencing the appellant, the trial court relied heavily upon the appellant's involvement in both uncharged incidents of vandalism and incidents of recent criminal conduct for which the appellant had been granted judicial diversion. Although the court appropriately considered mitigating factors such that the appellant made a public apology and did not cause or threaten any bodily injury, the court, in its discretion, concluded that these factors did not outweigh the aggravating factors. We find these facts supported by the record and agree that a period of incarceration was appropriate to avoid depreciating the seriousness of the offense. See Tenn. Code Ann. § 40-35-103(1)(B). The trial court is granted great flexibility in arriving at the appropriate misdemeanor sentence. See Troutman, No. 03S01-9705-CC-00049. The appellant's challenge is without merit.

The judgment of the trial court is affirmed.

_____
DAVID G. HAYES, Judge

5

CONCUR:

_____
JERRY L. SMITH, Judge


_____
JAMES CURWOOD WITT, JR., Judge

6